**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY FAILS,**

       **Plaintiff,**

**vs.**                                                                    **4:08CV582-RH/AK**

**NANCY DANIELS, et al,**

       **Defendants .**

                              **/**

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against the

attorneys who defended him in his criminal trial alleging that they conspired to give him

ineffective assistance of counsel resulting in his being held "against his will" after he was

exonerated on all charges.  (Doc. 16).  He seeks damages for the mental distress, pain

and suffering he has experienced from several suicide attempts.

It was earlier explained to Plaintiff in an order dated May 22, 2009, (doc. 10), that

claims of legal malpractice against his attorneys are not of constitutional magnitude

unless he is claiming that he was denied effective assistance of counsel in a criminal

trial such that his conviction was obtained unconstitutionally.  In this context, Plaintiff

was also advised that such claims should be brought in a habeas petition.  However, he

is seeking monetary damages, but damages resulting from an allegedly illegal

incarceration cannot be awarded unless and until the conviction upon which he is being

held has been reversed or otherwise invalidated.  Heck v. Humphrey, 512 U.S. 477, 114

S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Plaintiff attached to the pleading papers he claims show his "exoneration" of the charges, but exhibit A is a check list of what appears to be a post-sexual assault investigation and does not prove exoneration or otherwise explain anything about what happened with the state court charges of which he complains.

Thus, the present amended complaint should be dismissed since it raises claims best brought in a habeas petition and because the charges under which he is presently incarcerated have not been dismissed or otherwise invalidated.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 16, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this   *23rd*  day of June, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**