# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ANTHONY FAILS,

    Plaintiff,

v.                                      CASE NO. 4:08cv582-RH/AK

NANCY DANIELS, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation (document 18), which recommends the dismissal for failure to state a claim on which relief can be granted. No objections have been filed.

The amended complaint is hard to decipher. The plaintiff Anthony Fails apparently seeks an award of damages against the attorneys who represented him on state criminal charges. Mr. Fails says he was exonerated of the charges, but by this he seems to mean that evidence showed him to be innocent. He does not seem to allege he was acquitted or that he obtained a favorable termination of the charges.

The precise status of the state-court case is unclear, but absent an allegation

that the case was terminated in Mr. Fails's favor, it does not matter. A state-court defendant *whose case is ongoing* ordinarily cannot bring a federal claim challenging the state-court proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). A person who is in custody on a state-court *conviction* cannot pursue a federal damages claim that, if successful, would necessarily call into question the validity of the conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). And a person who is convicted ordinarily cannot pursue a malpractice claim against his attorney unless the conviction is vacated. *See Steele v. Kehoe*, 747 So. 2d 931, 934 (Fla. 1999).

Mr. Fails has not alleged a favorable termination of the state case. He has not alleged facts sufficient to state a claim. And he has not objected to the report and recommendation concluding that he has not alleged a favorable termination or facts sufficient to state a claim. Having asserted no objections, he apparently makes no assertion that he could amend his complaint to cure the deficiencies. If he asserts he could do so, he may file a timely motion to alter of amend the judgment that will be entered based on this order.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on July 25, 2009.

s/Robert L. Hinkle<br>
United States District Judge